UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

DONALD CONTRANCHIS                              CIVIL ACTION

VERSUS                                          NO: 15-1534

ALL COAST, LLC and SEMCO,                       SECTION: R
LLC

## ORDER AND REASONS

Defendant All Coast, LLC moves the Court to dismiss plaintiff Donald
Contranchis's vessel negligence claim against it under Rule 12(b)(6) of the
Federal Rules of Civil Procedure.[1]  For the following reasons, the Court grants
the motion.

## I.    BACKGROUND

This case relates to injuries that plaintiff Donald Contranchis sustained
while working on a liftboat owned by defendant All Coast, LLC in the
Industrial Canal in New Orleans, Louisiana.[2]  At the time of the incident,

---

[1] R. Doc. 6-1.

[2] R. Doc. 1 at 2.  All Coast admits that it is the owner of the M/V SEA ROBIN.  R.
Doc. 6-1 at 1.

Contranchis was employed by Semco, LLC.[3]  Contranchis was working on the M/V SEA ROBIN as an electrician when he fell from an elevated catwalk circling one of the vessel's legs.[4]

Contranchis filed this lawsuit on May 8, 2015, alleging causes of action against All Coast and Semco under the Longshore and Harbor Workers' Compensation Act ("LHWCA"), 33 U.S.C. § 901, *et seq.* and, in the alternative, under the Jones Act, 46 U.S.C. § 30104, *et seq.* and general maritime law.[5] Contranchis alleges that various negligent acts committed by All Coast and Semco made his working area unsafe and that each defendant failed to warn him of the resulting hazards, thereby causing his fall and resulting injuries.[6] Contranchis seeks compensatory damages for lost wages, disability, medical expenses, pain and suffering, and loss of enjoyment of life.[7] All Coast moves to dismiss Contranchis's claims against it under Federal Rule of Civil Procedure 12(b)(6).[8]

---

[3] *Id.*

[4] *Id.*

[5] *Id.* at 1-2.

[6] *Id.* at 3-4.

[7] *Id.* at 5.

[8] R. Doc. 6-1.

## II.   LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, the plaintiff must plead enough facts "to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).   A claim is facially plausible when the plaintiff pleads facts that allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678.   A court must accept all well-pleaded facts as true and must draw all reasonable inferences in favor of the plaintiff. *Lormand v. U.S. Unwired, Inc.*, 565 F.3d 228, 239 (5th Cir. 2009); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

A legally sufficient complaint must establish more than a "sheer possibility" that the plaintiff's claim is true. *Iqbal*, 556 U.S. at 678.   It need not contain detailed factual allegations, but it must go beyond labels, legal conclusions, or formulaic recitations of the elements of a cause of action. *Id.* In other words, the face of the complaint must contain enough factual matter to raise a reasonable expectation that discovery will reveal evidence of each element of the plaintiff's claim. *Lormand*, 565 F.3d at 257.   If there are insufficient factual allegations to raise a right to relief above the speculative level, or if it is apparent from the face of the complaint that there is an insuperable bar to relief, the claim must be dismissed. *Twombly*, 550 U.S. at

555.

## III. DISCUSSION

All Coast, the owner of the M/V SEA ROBIN, seeks dismissal of Contranchis's claims against it under Rule 12(b)(6) of the Federal Rules of Civil Procedure. Contranchis alleges that his injuries were caused by the vessel interests' negligence. Section 905(b) of the LHWCA grants covered maritime workers an exclusive remedy against a "vessel" for injuries caused by the vessel's negligence. *See* 33 U.S.C. § 905(b). The Act defines "vessel" broadly to include both the physical vessel on which the worker was injured and "said vessel's owner, owner *pro hac vice*, agent, operator, charter or bare boat charterer, master, officer, or crew member." 33 U.S.C. § 902(21). For purposes of this motion, All Coast admits that Contranchis was a longshoreman covered by the LHWCA and that the M/V SEA ROBIN is a "vessel" within the meaning of the Act.[9] Under these facts, Section 905(b) is the exclusive means through which Contranchis may recover against All Coast for vessel negligence. *McLaurin v. Noble Drilling (US) Inc.*, 529 F.3d 285, 289 (5th Cir. 2008).

---

[9] R. Doc. 6-1 at 3.

Under the LHWCA, the primary responsibility for a longshoreman's safety rests with the stevedore, not the vessel. *Robinson v. Orient Marine Co.*, 505 F.3d 364, 365 (5th Cir. 2007). Nonetheless, the Supreme Court has outlined three general duties that vessel owners and charterers owe to covered workers under section 905(b):

> The first, which courts have come to call the "turnover duty," relates to the condition of the ship upon the commencement of stevedoring operations. The second duty, applicable once stevedoring operations have begun, provides that a shipowner must exercise reasonable care to prevent injuries to longshoremen in areas that remain under the "active control of the vessel." The third duty, called the "duty to intervene," concerns the vessel's obligations with regard to cargo operations in areas under the principal control of the independent stevedore.

*Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994) (citing *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156 (1981)); *see also Kirksey v. Tonghai Maritime*, 535 F.3d 388, 391 (5th Cir. 2008). Although the principal cases discussing these duties arose in the context of stevedoring operations, the Fifth Circuit has held that the rationale of those cases "clearly applies to any independent contractor and its harborworker employees covered by the LHWCA and working aboard ship." *Hill v. Texaco, Inc.*, 674 F.2d 447, 451 (5th Cir. 1982); *see also Burchett v. Cargill, Inc.*, 48 F.3d 173, 178 n.3 (5th Cir. 1995).

**A.    Turnover Duty**

A vessel owner has two distinct duties relating to the condition of the vessel at the time it is turned over to the stevedore.  First, the vessel owner must "exercise ordinary care under the circumstances" to ensure that the vessel and its equipment are "in such condition that an expert stevedore can carry on stevedoring operations with reasonable safety." *Kirksey*, 535 F.3d at 392.  Second, "the owner owes a duty to warn the stevedore of latent or hidden dangers which are known to the vessel owner or should have been known to it . . . ."  *Id.*  Neither duty encompasses dangers: "(1) [that are] open and obvious or (2) [that] a reasonably competent stevedore should anticipate encountering."  *Id.*

Contranchis alleges that he was injured when he fell through a catwalk on the M/V SEA ROBIN.[10]  He further alleges that his fall was caused by, among other things, "failure to ensure that walkways were free of hazards," "failure to have warning signs in hazardous areas," and "failure to have proper gratings in walkways."[11]  Importantly, however, Contranchis does not allege which, if any, of the hazards existed at the point when All Coast turned the M/V SEA ROBIN over to Semco for repairs.  As the Supreme Court made clear in *Scindia*, the turnover duty relates to the condition of the vessel at the point

---

[10] R. Doc. 1 at 2 ¶ 5.

[11] R. Doc. 1 at 4 ¶ 8.

when the owner relinquishes control of the vessel to the contractor or stevedore. *Scindia*, 451 U.S. at 167.  Because Contranchis does not allege that All Coast turned the M/V SEA ROBIN over to Semco in an unreasonably dangerous condition, he fails to state a claim for breach of the turnover duty. The Court therefore dismisses Contranchis's vessel negligence claim against All Coast based on breach the turnover duty.[12]

### B.   Active Control Duty

The active control duty arises when a vessel owner "attempts to actively involve[ ] itself in [stevedoring] operations." *Landry v. G.C. Constructors*, 514 F. App'x 432, 435 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 212 (2013) (quoting *Scindia*, 451 U.S. at 167).   A passive vessel owner has no general duty to supervise or inspect a stevedore's work.  *Helaire v. Mobile Oil Corp.*, 709 F.2d 1031, 1036 (5th Cir. 1983).  But a vessel owner  may be liable if it fails "to exercise due care to avoid exposing longshoremen to harm from hazards they

_____

[12] All Coast files with its motion to dismiss an affidavit that purports to demonstrate that Semco, not All Coast, removed the grating in the area where Contranchis fell and that All Coast had no control over the M/V SEA ROBIN at the time of the accident.  R. Doc. 6-2.  Contranchis files his own affidavit disputing these claims. R. Doc. 8-2.  When matters outside the pleadings are presented with a Rule 12(b)(6) motion to dismiss, a district court has discretion to consider the material and enter an order for summary judgement.  *See Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007).  This case is still in its early stages, and the parties have not yet had sufficient time to engage in discovery.  The Court therefore declines to convert All Coast's motion into one for summary judgment and will not consider the parties' affidavits at this time.

may encounter in areas, or from equipment, under the active control of the vessel during the stevedoring operation." *Pimental v. LTD Canadian Pac. Bul*, 965 F.2d 13, 16 (5th Cir. 1992) (quoting *Scindia*, 451 U.S. at 167).   To determine whether a vessel owner retains active control over a contractor's work, courts consider "whether the area in question is within the contractor's work area, whether the work area has been turned over to the contractor, and whether the vessel owner controls the methods and operative details of the stevedore's work." *Dow v. Oldendorff Carriers GMBH & Co.*, 387 F. App'x 504, 507 (5th Cir. 2010).

Here, Contranchis's complaint fails to allege any facts indicating that All Coast exercised active control over his work at the time he fell through the catwalk--an essential element of his cause of action.  For example, Contranchis does not allege that All Coast employees oversaw or directed his work assignments; nor does he allege that All Coast had any presence in the part of the vessel where the accident occurred.  Instead, Contranchis merely parrots the applicable legal test by alleging that All Coast "fail[ed] to use reasonable care to avoid exposing Complainant to harm while maintaining control over the equipment and/or area of the vessel in which Complainant was performing

his duties."[13]  Even under the liberal notice pleading standard of Federal Rule of Civil Procedure 8(a), this bald, conclusory allegation fails to state a claim that would entitle Contranchis to relief.  *See Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993) (noting that "conclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss").   Therefore, Contranchis's claim must be dismissed.

Contranchis resists this argument by citing statements in his own affidavit, which he files with his opposition to All Coast's motion to dismiss.[14] Because this affidavit was neither attached to nor incorporated in Contranchis's complaint, the Court will not consider it in ruling on All Coast's motion for a Rule 12(b)(6) dismissal.  *See Lovelace v. Software Spectrum Inc.*, 78 F.3d 1015, 1017-18 (5th Cir. 1996) (noting that when deciding motions to dismiss for failure to state a claim, "courts must limit their inquiry to the facts stated in the complaint and the documents either attached to or incorporated in the complaint," as well as "matters of which they may take judicial notice").

Because Contranchis' complaint fails to plead sufficient information

---

[13] R. Doc. 1 at 3 ¶ 8.  Contranchis's only other relevant allegation--that All Coast "breach[ed] [the] vessel charter/operator/owner's *Active Control Duty*"--is also conclusory and, therefore, unavailing.

[14] R. Doc. 8-2 at 1-2.

indicating that All Coast exercised control over the M/V SEA ROBIN at the time of Contranchis's injury, the Court dismisses the claim that All Coast breached the vessel owner's active control duty.

### C.   Duty to Intervene

A vessel owner's "duty to intervene to protect longshoremen from dangers that arise during the course of their work is a narrow one." *Fontenot v. McCall's Boat Rentals, Inc.*, 227 F. App'x 397, 404 (5th Cir. 2007) (citing *Futo v. Lykes Bros. S.S. Co.*, 742 F.2d 209, 216 (5th Cir. 1984)).  To prevail on a claim that the vessel owner breached the duty to intervene, a longshoreman must show not only that the vessel owner was aware of a dangerous condition on the vessel but also "something more." *Id.*  This "something more" requires a plaintiff to plead and prove that the vessel owner had: "(1) actual knowledge that the [dangerous condition] posed an unreasonable risk of harm and (2) actual knowledge that it could not rely on the [independent contractor] to protect its employees and that if unremedied the condition posed a substantial risk of injury." *Greenwood v. Societe Francaise* De, 111 F.3d 1239, 1248 (5th Cir. 1997) (quoting *Randolph v. Laeisz*, 896 F.2d 964, 971 (5th Cir.1990)); *see also Williams v. M/V SONORA*, 985 F.2d 808, 815 (5th Cir. 1993) (noting that "the 'something more' requirement provides a useful and helpful threshold below which owners are not liable").

10

All Coast argues that dismissal is appropriate because Contranchis fails to plead any of the elements of a breach of the duty to intervene.  Contranchis contends that his pleadings are sufficient but does not identify a single allegation in his complaint to support this contention.  Upon review of the pleadings, the Court finds that Contranchis adequately pleads the existence of a dangerous condition--*i.e.*, missing grating and the absence of handrails and warning signs--and actual knowledge of this condition on the part of All Coast. But he fails to plead the "something more" required to state a failure-to-intervene claim, because he alleges no facts indicating that All Coast knew that it could not rely on Semco to protect its employees against hazards in the working environment.  Instead, Contranchis alleges generally that "All Coast, LLC and/or Semco, LLC" failed to take various actions to ensure his safety in their capacity as "operator(s), owner(s), and/or owner(s) pro hac vice of the referenced vessel."[15] This pleading structure obscures the distinction between vessel owner and contractor and precludes the Court from inferring that All Coast knew that Semco could not be relied upon to protect its employees.

For these reasons, the Court concludes that Contranchis has failed to adequately plead that All Coast had a duty to intervene in Semco's operations.

---

[15] R. Doc. 1 at 3 ¶ 8.

Accordingly, Contranchis's vessel negligence claim premised on All Coast's failure to intervene is dismissed.


## IV.   LEAVE TO AMEND

In his opposition to All Coast's motion to dismiss, Contranchis requests leave to amend his complaint.[16] The Court should "freely give" leave to amend "when justice so requires."  Fed.R.Civ.P. 15(a)(2); *Leal v. McHugh*, 731 F.3d 405, 417 (5th Cir. 2013).  As the Supreme Court holds, "[i]f the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman v. Davis*, 371 U.S. 178, 182 (1962).  Therefore, the Court grants Contranchis leave to amend his complaint within twenty-one (21) days of the entry of this order.

---

[16] R. Doc. 8 at 6.

12

## V.     CONCLUSION

For the foregoing reasons, the Court GRANTS All Coast's motion to dismiss.  The Court also GRANTS Contranchis leave to amend his complaint within twenty-one (21) days of the entry of this order.  Failure to timely amend will result in dismissal of Contranchis's claims with prejudice.


New Orleans, Louisiana, this  2nd  day of November, 2015

_____
        SARAH S. VANCE
UNITED STATES DISTRICT JUDGE